UNITED STATES of America, Plaintiff–Appellee,

v.

Richard M. JEWELL, Jr., Defendant–Appellant.

No. 00–1001.

United States Court of Appeals, Sixth Circuit.

May 23, 2001.

Before MARTIN, Chief Judge; MOORE, Circuit Judge; O'MALLEY, District Judge.*

*ORDER*

Richard Jewell appeals his judgment of conviction and sentence. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, a jury convicted Jewell of unlawfully shipping child pornography in interstate commerce by means of a computer in violation of 18 U.S.C. § 2252(a)(1)(B). The district court sentenced Jewell to 188 months of imprisonment and three years of supervised release, and the court imposed a $100 special assessment. In this timely appeal, Jewell's counsel argues that the district court improperly: 1) denied

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

Jewell's motion to suppress statements he made during the execution of a search warrant; 2) denied Jewell's motion to prevent the government from using or referring to sexually explicit computer passwords, file names, and account names; 3) denied Jewell's motion for judgment of acquittal; and 4) enhanced Jewell's Sentencing Guidelines range for obstruction of justice based on his perjury. In a supplemental pro se brief, Jewell also argues that: 5) the prosecutors committed misconduct throughout his trial.

■ Upon review, we conclude that the district court properly denied Jewell's motion to suppress his statements made during the execution of a search warrant of his residence. This court upholds a district court's factual findings on a motion to suppress unless clearly erroneous and reviews legal conclusions de novo. *United States v. Smith,* 182 F.3d 473, 476 (6th Cir.1999). When reviewing the denial of a motion to suppress evidence, this court considers the evidence in the light most favorable to the government. *United States v. Erwin,* 155 F.3d 818, 822 (6th Cir.1998) (en banc). A suspect under custodial interrogation must be given notice of his Fifth Amendment right against self-incrimination, *Miranda v. Arizona,* 384 U.S. 436, 478–79, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *United States v. Crossley,* 224 F.3d 847, 861 (6th Cir.2000), and any incriminating statements obtained in violation of *Miranda* may not be admitted and used against the defendant at trial. *Crossley,* 224 F.3d at 861. However, the *Miranda* rule is limited to custodial interrogations, which is questioning by a law enforcement officer after a person has been taken into custody or otherwise deprived of his freedom of action in a significant way. *Id.* In evaluating whether a defendant was in custodial interrogation, the court examines the totality of the circumstances to determine how a reasonable man in the suspect's position would have understood his situation. *Id.* The ultimate inquiry is whether a formal arrest occurred or if there was a restraint on freedom of movement of the degree associated with a formal arrest. *Combs v. Coyle,* 205 F.3d 269, 284 (6th Cir.), *cert. denied,* 531 U.S. 1035, 121 S.Ct. 623, 148 L.Ed.2d 533 (2000). Factors to consider include: 1) the purpose of the questioning; 2) whether the place of the questioning was hostile or coercive; 3) the length of the questioning; 4) whether the suspect was informed at the time that the questioning was voluntary or that the suspect was free to leave or to request the officers to do so; and 5) whether the suspect possessed unrestrained freedom of movement during questioning. *Crossley,* 224 F.3d at 861.

*Miranda* warnings were not required in this case because Jewell was not in custody at the time of the questioning. Shortly after police had executed a search warrant at his residence, Jewell arrived. The district court found that an FBI agent informed Jewell that he was not under arrest and would not be placed under arrest that day, regardless of what was discovered in the house. Further, Jewell was free to leave, or he could enter the mobile home with the officers and be present while the search was being conducted. Upon entering the residence, the agent confined Jewell to the kitchen area and informed him that, although he was free to leave the residence if he chose, he would not be permitted to reenter after leaving. While they were sitting in the kitchen, the agent asked Jewell if he would be willing to answers some questions and Jewell agreed. During the subsequent hour-long questioning, Jewell admitted possessing child pornography and sending and receiving child pornography through his computer. Jewell has not demonstrated that these factual findings are clearly erroneous.

These facts reveal that Jewell was not in custody. Jewell was informed upon arrival at his residence that he was not under arrest and would not be placed under arrest that day. Jewell voluntarily entered the residence during the search and he admitted that the agent told him he was free to leave if he desired. He also acknowledged that the agent's actions and words were not hostile or coercive. The questioning only lasted approximately an hour. While Jewell's movements inside the residence were limited, the supervising agent testified that this action was taken for the safety of the searching officers.

■ The district court properly denied Jewell's motion to prevent the government from using or referring to sexually explicit computer passwords, file names, and account names. Under Fed.R.Evid. 403, a court may exclude relevant evidence whose probative value is substantially outweighed by the danger of unfair prejudice to the defendant. *United States v. Layne,* 192 F.3d 556, 573 (6th Cir.1999), *cert. denied,* 529 U.S. 1029, 120 S.Ct. 1443, 146 L.Ed.2d 330 (2000). This court reviews for an abuse of discretion the district court's ruling on the admissibility of evidence under Rule 403. *Id.* The evidence challenged under this rule is viewed in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect, and the district court enjoys broad discretion in balancing the probative value against its potential prejudicial impact. *Id.* Evidence that is prejudicial only in the sense that it paints the defendant in a bad light is not unfairly prejudicial pursuant to Rule 403. *United States v. Sanders,* 95 F.3d 449, 453 (6th Cir.1996).

The district court did not abuse its discretion in denying Jewell's motion. At trial, the government introduced computer records, which reflected Jewell's activity in on-line chat rooms. The screen names of Jewell's chat partners were often sexually explicit, as were the names of the files that he stored on his computer. While Jewell argues that the admission of these sexually explicit names into evidence unfairly prejudiced him, his argument is largely based on the fact that this evidence placed him in a bad light. Further, the evidence was relevant and highly probative because it demonstrated Jewell's knowledge of the sexually explicit nature of the photographs and the chat rooms in which he participated.

■ The district court properly denied Jewell's motion for judgment of acquittal. It is undisputed that Jewell moved for acquittal only at the close of the government's case and did not renew the motion at the close of all the evidence. Under such circumstances, this court's review is limited to determining whether a manifest miscarriage of justice occurred. *United States v. Hernandez,* 227 F.3d 686, 694 (6th Cir.2000), *cert. denied* —— U.S. ——, 121 S.Ct. 1967, 149 L.Ed.2d 760 (2001). A miscarriage of justice exists only if the record is without any evidence pointing to guilt. *Id.*

No miscarriage of justice occurred in this case. The government presented evidence that printed copies of child pornography were discovered at Jewell's residence, and that files of child pornography were discovered on his computer. Further, AOL records revealed that an individual using Jewell's screen name actively engaged in sending and receiving child pornography. Lastly, Jewell admitted to the FBI agent that he had sent and received child pornography through his computer.

■ Jewell's argument that the district court improperly enhanced his Sentencing Guidelines range for obstruction of justice based on his perjury is without merit. While this court reviews for clear error the district court's factual findings underlying

an obstruction of justice enhancement, the district court's determination that the facts constitute an obstruction of justice is reviewed de novo. *United States v. Mise,* 240 F.3d 527, 530–31 (6th Cir.2001). Under USSG § 3C1.1, a two-level sentence enhancement for obstruction of justice applies to a defendant who commits perjury. USSG § 3C1.1, comment. (n. 4(b)). A witness perjures himself when he intentionally gives false testimony about a material matter. *United States v. Dunnigan,* 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). The district court must identify those particular portions of the defendant's testimony that it considers to be perjurious. *Mise,* 240 F.3d at 531. The court also must make specific findings for each element of perjury or at least determine that all of the factual predicates exist for a finding of perjury. *Id.*

The district court properly enhanced Jewell's sentencing range for obstruction of justice. Despite the strong evidence presented by the government, Jewell denied at trial ever transmitting or receiving child pornography over the Internet. Instead, he asserted that someone else must have used his computer and screen name for these actions. At sentencing, the district court carefully reviewed Jewell's testimony, specifically his denials of culpability, in light of the other evidence presented at trial. The court's detailed findings confirm that Jewell gave significant false testimony at trial, and that this testimony concerned material matters affecting his conviction.

■ Lastly, Jewell's prosecutorial misconduct claim is without merit. In this case, because defense counsel made no objection to the prosecutor's conduct and statements at trial, this court will review for plain error only. *United States v. Carter,* 236 F.3d 777, 783 (6th Cir.2001). In reviewing claims of prosecutorial misconduct, the court first must determine whether the prosecutor's conduct and remarks were improper. *Id.* If the remarks were improper, the court must then consider whether: 1) the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; 2) the conduct or remarks were isolated or extensive; 3) the remarks were deliberately or accidentally made; and 4) the evidence against the defendant was strong. *Id.* When reviewing challenges to a prosecutor's remarks at trial, the comments must be examined within the context of the trial to determine whether they amounted to prejudicial error. *Id.*

■ No plain error resulted from prosecutorial misconduct in this case. Jewell's main argument is that the prosecution in its opening argument asserted its belief that he was guilty of the indicted offense. However, a review of these arguments revealed that the government was merely setting forth the evidence it would present in its case and what it would demonstrate. The government must be given leeway to argue reasonable inferences from the evidence. *United States v. Collins,* 78 F.3d 1021, 1040 (6th Cir.1996). Jewell also argues that the government improperly emphasized during its closing argument that he was the one who transmitted and received the child pornography through his computer. Since Jewell had denied in his testimony that he was this individual and asserted that someone else must have used the computer for this purpose, the government's argument was a logical and permissible response to his denial of culpability. Jewell argues that the government presented false evidence in testimony against him. However, his only challenge to the veracity of this evidence is his own self-serving testimony, which the district court determined to be perjury. Jewell also challenges the government's use of a stipulation, which provided that all of the images presented at trial depicted minors engaged in sexual activity. However, the

exact nature of his challenge is unclear because he admits that his counsel voluntarily signed the stipulation and he has not presented any evidence that the pictures were other than set forth in the stipulation. Lastly, Jewell argues that the government improperly referred to an Exhibit 6, which was never admitted into evidence, in its closing argument. Although this exhibit apparently was not admitted inadvertently, the prosecution referred to it only in passing along with a series of similar exhibits that were properly admitted. Consequently, no plain error occurred.

Accordingly, this court affirms the district court's judgment.